Tammy Hussin, Esq. (Bar No. 155290)
Hussin Law Firm
1596 N. Coast Highway 101
Encinitas CA 92024
Tel. 877.677.5397
Fax 877.667.1547
Tammy@HussinLaw.com

Attorney for Plaintiff, Miho Gilles

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Miho Gilles,

           Plaintiff,

        vs.

Discover Bank, a Delaware corporation, fka Discover Card Services, Inc., aka DFS Services, LLC, an Illinois limited liability company, fka Discover Financial Services, LLC, and DOES 1-10, inclusive,

          Defendants.

Case No.: '17 CV 2357 BEN JLB

**COMPLAINT FOR VIOLATIONS OF:**
**1. FAIR CREDIT REPORTING ACT, 15 USC § 1681S, *ET. SEQ.***
**2. ROSENTHAL FAIR DEBT COLLECTION PRATICES ACT, CAL. CIV. CODE §1788, *ET. SEQ.***
**3. CAL. PENAL CODE § 530.8.**

**JURY TRIAL DEMANDED**

For this Complaint, the Plaintiff, Miho Gilles, by undersigned counsel, states as follows:

COMPLAINT FOR DAMAGES

## JURISDICTION

1.     This action arises out of violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s, *et. seq.,* the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et. seq.* ("Rosenthal FDCPA"), and California Penal Code, § 530.8.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## THE PARTIES

4.     Plaintiff, Miho Gilles ("Plaintiff"), is an adult individual residing in San Diego County, California.

5.     Defendant Discover Bank ("Discover") is a Delaware corporation which was doing business at all relevant times in Los Angeles County and throughout California.  Discover is a financial institution and a furnisher of information to Experian, TransUnion, and Equifax (the "CRA's").

6.     Does 1-10 (the "Collectors") are individual collectors employed by and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

## BACKGROUND

7.     On a date unknown to Plaintiff, someone stole her identity and opened up a fraudulent Discover account in her name (the "Debt").

8.     Plaintiff was unaware of the identity theft or the Debt until in or around July of 2017.

9.     Upon discovering the Debt, on July 16, 2017, Plaintiff filed an identity theft police report (the "Police Report"). Plaintiff also completed an FTC Affidavit of Identity theft.

10.     Plaintiff contacted Discover to dispute the validity of the Debt and to advise that she was a victim of identity theft and had no knowledge of the Debt.

11.     Discover responded to Plaintiff in a letter dated August 16, 2017. In the letter, Discover told Plaintiff that it had conducted an investigation and determined Plaintiff was responsible for the Debt. The letter also advised Plaintiff that the Debt would be reported to the CRA's as disputed.

12.     Despite promising to report the Debt as disputed, Discover thereafter reported the Debt to CRA's without notating that the debt was disputed.

13.     Discover then retained the law firm of Smith Debman to collect the Debt from Plaintiff, and Smith Debman contacted Plaintiff in an attempt to collect the Debt.

14.     On August 23, 2017, Plaintiff sent a letter to Discover and Smith Debman. In the letter, Plaintiff included a copy of the Police Report and the FTC Affidavit. Plaintiff reiterated in the letter that she was a victim of identity theft and that she is not responsible for the Debt. Plaintiff's letter also requested a copy of documentation relating to the Debt, including the application, the telephone number used to activate the account, the applicant's identification, and details of the account closure.

15.     Plaintiff then received a letter from a new law firm, Suttle Hammer, dated September 17, 2017, advising her they had been retained by Discover to collect the Debt.

16.     In response, Plaintiff sent a letter to Suttle Hammer on September 22, 2017, reiterating she was a victim of identity theft and that the Debt had been fraudulently procured. Plaintiff enclosed the Police Report and FTC Affidavit, and

again requested the account application and other documentation relating to the Account.

17.     In response, Discover sent Plaintiff a letter on September 26, 2017, confirming the results of its original investigation and concluding the Debt was owed by Plaintiff. Discover did not send copies of the account application or other documentation as requested by Plaintiff.

18.     Discover then sent another letter to Plaintiff on October 6, 2017. The letter told Plaintiff the Debt was valid.

19.     The October 6th letter also told Plaintiff it would report the Debt to the CRA's as disputed; however, Discover then re-reported the Debt without notating the account as disputed.

20.     The October 6th letter also told Plaintiff: "You have an outstanding judgment balance." However, Plaintiff has never been served with a summons and complaint and has no "judgment balance" as claimed by Discover.

21.     On October 9, 2017, Suttle Hammer sent Plaintiff a copy of the statements associated with the Debt. However, to this day and despite repeated requests, Discover has yet to provide the application and other documentation related to the account as repeatedly requested by Plaintiff.

22.     Discover's negative report on what was an impeccable credit report caused, and still causes, Plaintiff great distress. As a direct result of Discover's conduct, Plaintiff suffered anguish, embarrassment, anxiety, distress, feelings of hopelessness, and sleepless nights.

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING**
**ACT, 15 USC § 1681s, *et. seq.***

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     Discover is a person as defined by FCRA § 1681a(b), and is a "furnisher" of credit information as defined by the FCRA.

25.     Section 623(a)(3) of the FCRA provides that if the completeness or accuracy of any information furnished to any CRA is disputed by a consumer, the information must be noted as disputed in the information reported to the CRA.

26.     By failing to note Plaintiff's account in dispute, Discover communicated false information in violation of section 15 USC 1681s-2(a)(3).

27.     Pursuant to 15 USC 1682s, Discover is liable to Plaintiff in the sum of $2,500 per violation for each of said violations.

28.     Plaintiff is therefore entitled to recover from Discover the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR
## DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code §1788 *et seq.*

29.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

31.     Discover, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

32.     Discover failed to comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code §1788.17. In particular:

a.  By telling Plaintiff she had a "judgment balance," Discover used deceptive, unfair and unconscionable means to collect the Debt, in

violation of 15 U.S.C. §§ 1692e and 1692f; and

    b.  By failing to notate Plaintiff disputed the Account, Discover communicated false information to the credit reporting agencies in violation of 15 U.S.C. § 1692e(8).

33.    The Plaintiff is entitled to damages as a result of Discover's violations.

## COUNT III
## VIOLATION OF CAL. PENAL CODE § 580.3

34.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.    A victim of identity theft "shall be entitled to receive information related to the application or account, including a copy of the unauthorized person's application or application information and a record of transactions or charges associated with the application or account." Cal Penal Code §530.8(a).

36.    Upon a person providing an entity with a copy of a police report and requesting documentation relating to an account, that entity "shall provide copies of all paper records, records of telephone applications or authorizations, or records of electronic applications or authorizations required by this section, without charge, within 10 business days of receipt of the person's request and submission of the required copy of the police report and identifying information." Cal Penal Code §530.8(a).

37.    After receiving a copy of Plaintiff's Police Report and the FTC Affidavit, Discover failed, and continues to fail, to provide Plaintiff with the requested account documentation.

38.    Cal Penal Code 530.8(d)(2) provides that "a victim may bring a civil action against the entity for damages, injunctive relief or other equitable relief, and a penalty of one hundred dollars ($100) per day of noncompliance, plus reasonable

1   attorneys' fees."

2        39.    Having failed to provide the requested documentation to Plaintiff,

3   Discover is liable to Plaintiff in the amount of $100 per day beginning on the 10th day

4   of receipt of Plaintiff's original request and continuing until such time as Discover

5   provides said documentation to Plaintiff.

6

7   **<u>PRAYER FOR RELIEF</u>**

8   WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

9       A.    Statutory damages pursuant to 15 USC § 1682s of up to $2,500 per

10           violation Statutory damages of $1,000.00 pursuant to 15 U.S.C.

11           §1692k(a)(2)(A) against the Defendants;

12       B.    Statutory damages of $1,000.00 for knowingly and willfully committing

13           violations pursuant to Cal. Civ. Code §1788.30(b);

14       C.    Pursuant to Cal Penal Code 530.8(d)(2), $100 per day from the date of non-

15           compliance to the date Discover provides Plaintiff with the account

16           application and other requested account documentation;

17       D.    Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §

18           1681n(a)(3), Cal. Civ. Code §1788.30, and Cal. Civ. Code § 1798.93(c)(5);

19           and

20       E.    Such other relief as may be just and proper.

21           **TRIAL BY JURY DEMANDED ON ALL COUNTS**

22

23   DATED:  November 3, 2017           TAMMY HUSSIN

24

25                       By:  */s/Tammy Hussin*
                    Tammy Hussin, Esq.

26                       Hussin Law
                    Attorney for Plaintiff,

27                       Miho Gilles

28

COMPLAINT FOR DAMAGES